

null / ALL
**Transmittal Number: 16906845**
**Date Processed: 07/20/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Services, LLC / Safeco Insurance Company of Indiana |
| **Title of Action:** | Darold Adami vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Grayson County District Court, Texas |
| **Case/Reference No:** | CV-17-0999 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/20/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Roger D. Sanders<br>903-892-9133 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT C-1

KELLY ASHMORE                     Roger D. Sanders
DISTRICT CLERK                    111 South Travis
JUSTICE CENTER, 200 S. CROCKETT   Sherman TX  75090
SHERMAN, TEXAS 75090

# CITATION

## The State of Texas

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**Safeco Insurance Services, LLC**
**c/o registered agent Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701-3218**

Greetings:

You are hereby commanded to appear by filing a written answer to the **ORIGINAL PETITION** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **59th District Court** of Grayson County, Texas, at the Justice Center of said County in Sherman, Texas.  Said Plaintiff's Petition was filed in said court on the 29th day of June, 2017 this case, numbered CV-17-0999 on the docket of said court, and styled:

Darold Adami VS Safeco Insurance Services, LLC

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the ORIGINAL PETITION.  Accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 17th day of July, 2017.

**Kelly Ashmore**
District Clerk
Grayson County, Texas

Deputy

CV-17-0999

## SHERIFF'S RETURN

Came to hand on _____ day of _____, _____, at _____ O'clock ____. And executed in _____ County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this citation, having first endorsed thereon the date of delivery, Together with the accompanying true and correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|------|----------------|------|--------------------------------------|
|      |                |      |                                      |
|      |                |      |                                      |

Type of Service: Personal   Posting   Publication   Other
Type of Paper: _____

And not executed as to the defendant, _____ the
Diligence used in finding said defendant being_____ and
The cause of failure to execute this process is_____ and
The information received as to the whereabouts of the said defendant_____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

## UNSERVED RETURN

Came to hand on _____, _____ at_____ am/pm and was returned un-served to the issuing court after the following service attempts:

Date/Time                Location            Notes

_____
_____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

## VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____, this_____ day of_____, 20_____.

_____

FILED
7/13/2017 11:48 AM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO. CV-17-0999

| | | |
|---|---|---|
| **DAROLD ADAMI** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **59th JUDICIAL DISTRICT** |
| | § | |
| **SAFECO INSURANCE** | § | **GRAYSON COUNTY, TEXAS** |
| **COMPANY OF INDIANA** | § | |

## FIRST AMENDED PETITION

Darold Adami, Plaintiff, files this, First Amended Petition complaining of and about Safeco Insurance Company of Indiana ("Safeco"), who was previously misidentified in Plaintiff's Original Petition as Safeco Insurance Services, LLC, Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited actions process in Texas Rules of Civil Procedure 169.

### CLAIM FOR RELIEF

2.     Plaintiff seeks monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and appropriate injunctive relief against Defendant's failure to comply with Texas Insurance Code and Texas Deceptive Trade Practice Acts provisions.

### PARTIES AND SERVICE

3.     Plaintiff, Darold Adami, is an individual whose resides in Sherman, Grayson County, Texas.

4.     The last three numbers of Darold Adami's license number are 994. The last three

numbers of Plaintiff's social security number are 899.

5.      Defendant Safeco Insurance Company of Indiana was misidentified as Safeco Insurance

Services, LLC and was not correctly served. However, Plaintiff spoke with a claims

representative of Safeco Insurance Company of Indiana, who was forwarded service of the

lawsuit and thus the correct entity, Safeco Insurance Company of Indiana, had notice of the suit

on or about July 12, 2017. Service of process may be had by serving this Defendant's registered

agent at Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind,

penalties, costs, expenses, pre-judgment interest, and attorney fees, and appropriate injunctive

relief against Defendant's failure to comply with Texas Insurance Code and Texas Deceptive

Trade Practice Acts provisions.

8.      This court has personal jurisdiction over this matter because all or a majority of the acts

described below took place in Grayson County, Texas.

## FACTS

9.      Plaintiff's claims arise from damage to the foundation at his home at 1507 Crescent

Drive, Sherman, Texas 75092.

10.     Plaintiff's home has been covered at all material times by an insurance policy issued,

sold, and maintained by Defendant, Safeco. Under that policy and applicable Texas statute and

regulation, Defendant Safeco admitted without equivocation that Plaintiff's claim was covered

under the policy. Safeco, under that policy, has consistently been obligated to Plaintiff to abide

by Texas law. Pursuant to those protections, Plaintiff made and has been pursuing his claim with

Safeco since November 15, 2016.

11.     Mr. Jordan Wilson, Safeco's authorized claim adjuster, has personally had notice of the claim since November 17, 2016.  Plaintiff has been working to try to get Safeco to reimburse him for expenses he would incur and now has incurred because his house foundation suffered from the covered loss Safeco has admitted.  The amount Safeco shorted Plaintiff is at least $14,000[1] out of the $25,000 stated coverage under a foundation damage addendum.[2]

12.     Safeco is claiming that only a portion of Plaintiff's damages are covered.

13.     According to a May 9, 2017 letter from Safeco, see Exhibit "A", the only "damages caused by the leak were only those present in, and around the exterior perimeter of, Mr. Adami's master bedroom or the zone of influence."

14.     Interestingly the term "zone of influence" is not found or defined in the Safeco insurance policy Mr. Adami has with Safeco. When asked to define "zone of influence" Safeco said it was a term essentially defined by the engineer it had hired.

15.     Safeco has refused to provide Plaintiff with all the documents necessary to determine Safeco's denial of Plaintiff's claims. Plaintiff has not been given the information, if any, relied upon when calculating the "zone of influence".

16.     Despite months of requests for information, Plaintiff has no idea how this arbitrary "zone of influence" was calculated. This "zone of influence" seems to be nothing more than an arbitrary line that Safeco is relying upon to limit the coverage that it promised and owes to Plaintiff.

---

[1] There may be more, given that Safeco has applied a deductible and other reductions reflected in the check tendered to Plaintiff.

[2] The Court may determine that other coverage exists; no waiver of that coverage is intended here by focusing on the policy addendum.

3

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

17.     Defendant breached its duty of good faith and fair dealing when it failed to pay Claim
Number 231505146002 in accordance with the terms of the insurance policy which are
reasonably clear.

18.     Despite the fact that there was no basis whatsoever upon which a reasonable insurance
company would have relied to deny payment of the full claim, Safeco did so. Specifically,
Defendant did not use a non-arbitrary method, explained to Plaintiff, to determine where the
zone of influence truly is. Instead Safeco sent an inexperienced claims adjuster to determine the
zone of influence. This claims adjuster said he needed to consult a Nelson Forensics engineer, as
the claims adjuster did not have the skill set necessary to determine such. This engineer inspected
the property and prepared a report of covered damages sustained, which failed to include
repairing of the foundation in the original report as being necessary to restore the property to its
pre-loss condition. The foundation damage sustained and the required remediation to restore the
property to its pre-loss condition are the most costly elements of the needed repairs.

19.     The basis for the denial of Plaintiff's claim is in bad faith. Safeco knew or should have
known by the exercise of reasonable diligence, that its liability was reasonably clear.

20.     A bad faith claim arises in two instances: (1) when an insurer unreasonably denies an
insured's claim; or (2) when an insurer is obligated to pay proceeds on an insured's claim and it
is dilatory in paying. *Martinka v. Commonwealth Land Title Co.,* 836 S.W.2d 773, 776
(Tex.App.—Houston[1st] 1992, writ denied)

21.     Safeco breached its duty to deal fairly and in good faith with Plaintiff.

## TEXAS DECEPTIVE TRADE PRACTICES AND TEXAS INSURANCE CODE

22.     Paragraph's 3 through 21 are incorporated herein by reference.

4

23.     Plaintiff is a consumer under the DTPA because Plaintiff is an individual who acquired

services, Safeco insurance coverage, by purchase.

24.     Defendant is a company that can be sued under the DTPA.

25.     Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that

Defendant failed to fairly consider, evaluate, and investigate the loss in question, short-changing

Plaintiff in a way which is actionable under the Texas Deceptive Trade Practices - Consumer

Protection Act.

26.     Plaintiff gave Defendant notice as required by Texas Business & Commerce Code,

Section 17.505(a), and pursuant to Chapter 541 of the Texas Insurance Code, on April 28, 2017.

Attached as Exhibit "B", is a copy of the notice letter sent to Defendant, which is incorporated

by reference.

27.     Plaintiff would show that the acts, practices and/or omissions complained of were the

producing cause of Plaintiffs damages.

28.     Defendant engaged in false, misleading, or deceptive acts or practices when it denied the

full coverage amount to Plaintiff, whose covered damages exceed the policy limits.

29.     Plaintiff would further show the acts, practices and/or omissions complained of under

Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to

Plaintiffs detriment.

30.     Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this

suit under Texas Business & Commerce Code Section 17.50(d).

31.     Additionally or in the alternative, Defendant violated the DTPA when Defendant used or

employed an act or practice in violation of Texas Insurance Code Chapter 541. Specifically,

Defendant made misrepresentations about the investigation that was done prior to the limiting of

coverage for Plaintiff's claim.

32.     Defendant violated the DTPA tie-in statute, Texas Insurance Code §541.060(4)(A). Per the Texas Insurance Code § 541 it is an unlawful and deceptive act to engage in unfair settlement practices with respect to Plaintiff's claim. Safeco did just this, despite failing to explain how the "zone of influence" was calculated, it relies on this to limit its payment for Plaintiff's claim. Further, Defendant has failed to provide settlement required to restore the property to its pre-loss condition.

33.     Pursuant to the Texas Insurance Code §§541.151-541.152, Plaintiff is entitled to actual damages, court costs, and reasonable attorneys' fees. Additionally, pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code, Plaintiff is entitled to recover reasonable attorneys' fees.

34.     All conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## AGENCY

35.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

36.     Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

37.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

6

38.     Defendant is therefore liable to Plaintiff for the acts and/ or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## ECONOMIC AND ACTUAL DAMAGES

39.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

> (a) Out-of-pocket expenses, including but not limited to $14,000.
>
> (b) Cost of replacement.
>
> (c) Costs of repairs.
>
> (d) Remedial costs and/or costs of completion.
>
> (e) Reasonable and necessary engineering or consulting fees.

## ATTORNEY'S FEES

40.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## REQUEST FOR DISCLOSURE

41.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material as set forth in Rule 194. The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney.  If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

## JURY DEMAND

42.     Plaintiff Demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

43.     All conditions precedent to Plaintiff's claim for relief have been performed or have

occurred.

## PRAYER

For these reasons, Plaintiff, Darold Adami, respectfully prays that the Defendant be cited

to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for

the Plaintiff against Defendant for the economic and actual damages, as requested hereinabove in

an amount in excess of the minimum jurisdictional limits of the Court, together with

prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees,

costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in

equity, whether pled or unpled.


Respectfully submitted,


_____ /s/  Roger Sanders_____
Roger D. Sanders
State Bar No. 17604700
Roger.sanders@somlaw.net

**Sanders, O'Hanlon, Motley, Young & Gallardo**
111South Travis Street
Sherman, Texas 75090
(903) 892-9133 – Telephone
(903) 892-4302 – Fax

### CAUSE NO. CV-17-0999

| | | |
|---|---|---|
| **DAROLD ADAMI** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **59ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **SAFECO INSURANCE** | § | |
| **COMPANY OF INDIANA** | § | **GRAYSON COUNTY, TEXAS** |

### PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS TO SAFECO INSURANCE COMPANY OF INDIANA

TO:     Safeco Insurance Company of Indiana, via its Registered Agent, Corporation Service

Company, 211 East 7ᵗʰ Street, Suite 620, Austin, TX 78701-3218.

Plaintiff, Darold Adami, serves these Requests for Admissions on Defendant Safeco

Insurance Company of Indiana, as allowed by Texas Rules of Civil Procedure 198. Defendant

must admit or deny each request, in writing, within 50 days after service.

### Definitions

To the extent used hereafter:

1.  "You", "Your", "Safeco", "Defendant" refers to Defendant Safeco Insurance Company of Indiana.

2.  "Plaintiff" refers to Darold Adami.

3.  "Communication" shall mean and refer to any mode of communication, including conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

4.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business or legal entity, or all predecessors or successors in interest.

5.  "Or" means "and/or" and the word "and" means "and/or".

6.  " This matter" and " This suit" means the above styled litigation.

7. "Date" means the exact date, month, year, if ascertainable, or, if not, the best available approximation.

8. "Claim" means Claim Number 231505146002 under Policy Number OY6953467 made by Plaintiff Darold Adami.

9. "Policy" means Safeco policy Number OY6953467 covering Plaintiff's property, regardless of the year it covered that home.

10. "Plaintiff's property" means that home and real property located at 1507 Crescent Dr., Sherman, Texas 75092. "

11. The discovery request is continuing. In the event that any information or material responsive to any Request comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family members, directors, or attorneys subsequent to the filing of your response, you are required to furnish additional information, answers, or material to the opposing attorney as soon as possible.

## Request for Admission

1.      Admit that Plaintiff correctly named Defendant, Safeco Insurance Company of Indiana, in Plaintiff's First Amended Petition.

Response:

2.      Admit that Safeco received pre-suit notice of Plaintiff's claim on or about April 28, 2017.

Response:

3.      Admit that Safeco received Exhibit "A" on or about April 28, 2017.

Response:

4.      Admit that Exhibit "A" is a true and correct copy of the pre-suit notice of Plaintiff's claim, Safeco received.

Response:

5.      Admit that Safeco received proper pre-suit notice of Plaintiff's claim before Plaintiff filed suit, as required by the Deceptive Trade Practices Act.

Response:

6.    Admit that Safeco did not tender to Plaintiff, within 30 days of receiving pre-suit notice, the claimed amount of Plaintiff's economic damages, mental-anguish damages, and expenses, reasonably incurred in asserting the claim.

Response:

7.    Admit that Exhibit "B" is a true and correct copy of Safeco insurance Policy Number OY6953467's Declaration Page

Response:

8.    Admit that at all times material to Plaintiff's claim, Jordan Wilson was an employee of Safeco.

Response:

9.    Admit that Jordan Wilson was acting in the course and scope of his employment with Safeco when he investigated and evaluated the claim.

Response:

10.   Admit that Exhibit "C" is a true and correct copy the May 9, 2017 letter sent on behalf of Safeco.

Response:

11.   Admit that Jordan Wilson was acting in the course and scope of his employment with Safeco when he sent Exhibit "C" to the undersigned.

Response:

12.   Admit that Jordan Wilson was acting in the course and scope of his employment with Safeco when he limited coverage of Plaintiff's claim to the "zone of influence", as set forth in the attached Exhibit "C."

Response:

13.   Admit that Safeco received Exhibit "D" on or about May 18, 2017.

Response:

14.     Admit that Exhibit "D" is a true and correct copy of the letter Safeco received on or about May 18, 2017.

Response:

15.     Admit that Plaintiff is a consumer under the Deceptive Trade Practices Act.

Response:

16.     Admit that Plaintiff has not waived the provisions of the Deceptive Reade Practices Act.

Response:

17.     Admit that Safeco is not exempt from suit under the Deceptive Trade Practices Act.

Response:

18.     Admit that on or about July 16, 2016, Plaintiff had purchased a Safeco policy for his home at 1507 Crescent Dr., Sherman, Texas 75092.

Response:

19.     Admit that Plaintiff 's Safeco policy was effective for the period July 28, 2015 – July 28, 2016.

Response:

20.     Admit that Plaintiff's Safeco policy is effective for the period July 28, 2016 – July 28, 2017.

Response:

21.     Admit that Plaintiff's Safeco policy included optional coverage for "Foundation Water Damage".

Response:

22.     Admit that Plaintiff's Safeco coverage for "Foundation Water Damage" was limited to $25,000.

Response:

23.     Admit that Plaintiff paid an additional premium amount for "Foundation Water Damage" to be included in his Safeco insurance policy.

Response:

24.     Admit that Plaintiff submitted the claim during a period of coverage provided by Safeco's Policy.

Response:

25.     Admit that the damage claimed to incurred by Plaintiff in the submitted claim was claimed to be incurred during Safeco's coverage period(s).

Response:

26.     Admit that Plaintiff's claim included damage that was covered by Plaintiff's Safeco Policy.

Response:

27.     Admit that Defendant's denied coverage for anything beyond the "zone of influence", as defined in Exhibit "C".

Response:

28.     Admit that Safeco had not conducted a mechanical, structural or scientific evaluation, specific to Plaintiff's claim, when it determined the "zone of influence" as referenced in Exhibit "C."

Response:

29.     Admit that Safeco denied coverage of all damages that were in excess of $10,600, for Plaintiff's claim.

Response:

30.     Admit that Safeco has never offered Plaintiff more than $10,600, to cover Plaintiff's claim.

Response:

31.     Admit Plaintiff submitted a claim for damages in excess of the $25,000 policy limits for "Foundation Water Damage" under the policy.

Response:

32.    Admit that Safeco has only paid $8,698.45 to date, in settlement of Plaintiff's claim.

Response:

33.    Admit that Safeco's payment on Plaintiff's claim is not sufficient to repair Plaintiff's foundation to its pre-loss condition.

Response:

34.    Admit that Safeco's final proposed payment to Plaintiff will not restore Plaintiff's property to its pre-loss condition.

Response:

35.    Admit that Safeco's final proposed payment to Plaintiff cannot restore Plaintiff's property to its pre-loss condition.

Response:

36.    Admit that Safeco knows of no reputable contractor or other construction vendor who is willing to restore Plaintiff's property to its pre-loss condition for the amount Safeco has tendered under the insurance policy in question.

Response:

37.    Admit that Safeco has never submitted a written proposal to repair Plaintiff's foundation.

Response:

38.    Admit that Safeco has not restored Plaintiff's property as necessary to repair the foundation to its pre-loss condition.

Response:

39.    Admit that Safeco did not provide payment for restoration of the property damaged that is the subject of the claim, to its pre-loss condition.

Response:

40.    Admit that Safeco has not restored Plaintiff's property to its pre-loss condition.

Response:

41.    Admit that Plaintiff's property has not been restored to its pre-loss condition.

Response:

42.    Admit that Safeco determined that Plaintiff's claim was based on damages incurred due to accidental escape of water from a plumbing system below the floor slab, footings or foundation.

Response:

43.    Admit that Plaintiff used all reasonable means to save and preserve the property from further loss, in relation to the claim.

Response:

44.    Admit that Plaintiff emailed a Safeco representative on March 24, 2017 inviting Safeco to meet with Plaintiff's engineer on March 27, 2017.

Response:

45.    Admit that Exhibit "E" is a true and correct copy of the email Plaintiff sent on or about March 24, 2017.

Response:

46.    Admit that Safeco received Exhibit "E" on or about March 24, 2017.

Response:

47.    Admit that Safeco did not send a representative to meet with Plaintiff's engineer on March 27, 2017.

Response:

48.    Admit that Safeco's original adjuster on Plaintiff's claim did not include repairing the foundation in his original estimate of damage to Plaintiff's property.

Response:

49.    Admit that the engineer Safeco hired did not include repair of the foundation in the report as being necessary to restore the property to its pre-loss condition.

Response:

50.    Admit that Safeco did not, prior to the claim being filed, make a record of what it is now contending are damages to the Plaintiff's property which pre-existed Plaintiff's claim.

Response:

51.    Admit that Safeco had not, prior to issuing the Policy, excluded any portion of Plaintiff's property from insurance coverage.

Response:

52.    Admit that Jordan Wilson, is not a foundation expert.

Response:

53.    Admit that the Safeco engineering report and Jordan Wilson's inspection are the only bases for Safeco's denial of coverage for damages suffered beyond the "zone of influence" identified in Exhibit "C."

Response:

54.    Admit that Safeco had not conducted a mechanical, structural or scientific evaluation, specific to Plaintiff's claim, when it denied a portion of Plaintiff's claim on the basis of preexisting damages.

Response:

55.    Admit that Safeco received Exhibit "F" on or about May 12, 2017.

Response:

56.    Admit that Exhibit "F" is a true and correct copy of the letter Safeco received on or about May 12, 2017.

Response:

57.    Admit that Plaintiff has mitigated his damages in relation to the claim.

Response:

58.    Admit that Safeco does not possess evidence that Plaintiff has failed to mitigate his damages in relation to the claim.

Response:

59.     Admit that Safeco received a copy of the Original Petition, attached as Exhibit "G", on or about July 12, 2017.

Response:

Respectfully submitted,

_____/s/  Laura Gallardo_____
Roger D. Sanders
State Bar No. 17604700
J. Michael Young
State Bar No. 00786465
Laura Gallardo
State Bar No. 24077826

**SANDERS, O'HANLON, MOTLEY & YOUNG**
111 South Travis Street
Sherman, Texas   75090
(903) 892-9133
(903) 892-4302   (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all parties in interest as set out below, in the following manner:

| | |
|---|---|
| X | Certified Mail, Return Receipt Requested |
| ☐ | Facsimile |
| ☐ | Hand Delivery |
| ☐ | United States Mail, Postage Prepaid |
| ☐ | Email |

So certified on this 17th day of July, 2017.

_____/s/  Laura Gallardo_____
Laura Gallardo

Exhibit "A"

# SANDERS. O'HANLON. MOTLEY
# YOUNG & GALLARDO

DAVID FIRM, GOLIATH IMPACT

**LAWYERS:**

ROGER D. SANDERS
J. MICHAEL YOUNG
LAURA GALLARDO

111 South Travis Street
Sherman, Texas 75090
Office: (903) 892-9133
Fax: (903) 892-4302

www.somlaw.net

**LAWYERS:**

ANTHONY O'HANLON, P.C.*
LUKE MOTLEY, IV*
UPENDAR T. REDDY*

*Of Counsel

April 28, 2017

Mr. Jordan Wilson
Safeco Insurance
1600 N. Collins Blvd.
Richardson, TX 75080

> Re.  Policy: OY6953467
> Claim: 231505146002
> Adami insurance claim to Safeco re. damages to home/foundation of house at
> 1507 Crescent Drive, Sherman, Texas 75090

Dear Mr. Breor:

I am writing on behalf of your insured, Darold Adami.  This letter is sent to provide the required notice under Chapter 541 of the Texas Insurance code and to provide Safeco an opportunity to resolve the claim prior to Mr. Adami filing suit.

As you are aware, for many, many weeks Darold has been working to try to get Safeco to reimburse him for expenses he would incur and now has incurred because his house foundation suffered from a covered loss. The amount you all have evidently shorted him is at least $14,000[1] out of the $25,000 stated coverage under a foundation damage addendum.[2]

He has been pursuing that with your company since November 15, 2016. You personally have evidently had notice of the claim since November 17, 2016. As you are aware, the claim involves damage to the foundation at his home at 1507 Crescent Drive, Sherman, Texas 75092. The foundation was damaged as reflected in the attached enclosures. Of course, if you all can't readily find your file on it, we can provide more information. But Darold lays it out pretty well in the enclosures.

So, since you all have forced Darold to get a lawyer involved in the more formal recovery process, we demand for Darold $14,000, plus reasonable interest, attorney's fees, and costs allowable under the Safeco policy and/or under the Texas Deceptive Trade Practices Act and the Texas Insurance Code.  Attorney's fees are in the amount of approximately $5,000, based on

---

[1] There may be more, given that Safeco has applied a deductible and other reductions reflected in the check tendered to Darold.  For ease of discussion here, and to give you all inducement to pay, we are reflecting that it is a lesser amount than what may be shown at trial.

[2] The Court may determine that other coverage exists; no waiver of that coverage is intended here by focusing on the policy addendum.

rates reasonably allowed in federal and state court in Grayson County and the North Texas area. The demand is for $5,000 in attorney's fees and expenses, and commercial interest on the amounts that should have been paid, but have not.

In addition, we seek on Darold's behalf at least the sum of $10,000 for mental anguish unnecessarily and callously caused by Safeco.[3]  As Safeco has been informed, Darold is a 77-year old widower, having lost his wife recently to a long, difficult fight with cancer. He and his wife Patti had a long and strong marriage, and shared that bedroom which is the object of ya'll's coverage since 1973.  Full knowing these things, you have forced him time and again to visit and revisit your bogus assessment of restricted damage about the bedroom, your nitpicking calculations, your partial and inaccurate assessments, and your tight-fisted, but baseless rejections about the bedroom area which is perhaps the most touching and painful area of the house to Darold.  You might as well have been trampling on Patti's picture instead of degrading this private part of the house.  May you never have to endure someone or some company that gives as little personal consideration as you all do and did, here.

I've known Darold and Patti Adami for more than 30 years.  Two finer human beings have not walked this earth.  That you all callously have forced Darold to fight you as you have, forcing him repeatedly to fight over restoration of his private, personal space, is just mind-boggling, thoughtless, clearly deliberate, and evidently malicious.

The demand is made, as stated, for a total of $29,000, plus interest and attorney's fees and expenses, a sum which Darold which reflects a minimum of what will be sought in Court, subject to appropriate proof.

However, I will waive my attorney's fees and will encourage my client to accept $14,000 for full resolution **if received in this office by 5:00 PM next Friday, May 5th**.  The decision is yours on whether to keep stiffing my client and save the cost of litigation, or set up another case of an insurance company treating a policy holder badly because the company thinks there is too little at risk for a policy holder to fight it or for a lawyer to take the case to bring the policy holder justice.

Sincerely,

Roger Sanders

Enclosures

    a.  Email from Safeco agent
    b.  Letter to Safeco from Darold Adami

---

[3] The calculation of mental anguish damages is necessarily a matter entrusted to the sound discretion of the jury.  We reserve the right to seek damages in keeping with the developed evidence.

# Exhibit "B"

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS. ****



**Safeco** Insurance™
A Liberty Mutual Company

### SAFECO INSURANCE COMPANY OF INDIANA
Home Office: 350 East 96th St, Indianapolis, IN 46240 (A stock insurance company.)
### QUALITY SELECT HOMEOWNERS POLICY DECLARATIONS

**INSURED:**
DAROLD ADAMI
PATRICIA
1507 CRESCENT DR
SHERMAN TX  75092-5567

**POLICY NUMBER:** 0Y6953467
**POLICY PERIOD FROM:** JULY 28 2016
**AT:** 12:01 A.M.
**TO:** JULY 28 2017

**RESIDENCE PREMISES:**
Same

**AGENT:**
BAYLESS-HALL INSURANCE
PO BOX 2527
SHERMAN          TX   75091-2527

TELEPHONE:  (903) 868-9696

| IMPORTANT NOTICES |
|---|

- Your policy has renewed effective July 28, 2016.
- THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR WINDSTORM OR HAIL LOSSES.

| COVERAGES | LIMIT | PREMIUM |
|---|---|---|
| SECTION I - PROPERTY COVERAGES | | |
| A - Dwelling | $    464,300 | $   3,758.00 |
| B - Other Structures | 46,430 | |
| C - Personal Property | 278,580 | |
| D - Additional Living Expense and Loss of Rent | 92,860 | |
| SECTION II - LIABILITY COVERAGES | | |
| E - Personal Liability (each occurrence) | 500,000 | 71.00 |
| F - Medical Payments (each person) | 5,000 | |
| INCLUDED COVERAGES | | |
| Full Value on Personal Property | | Included |
| Loss Assessment | 500 | Included |
| Building Ordinance or Law Coverage | 5,000 | Included |
| Fungi, Wet or Dry Rot, or Bacteria | 5,000 | Included |

| OPTIONS | LIMIT | PREMIUM |
|---|---|---|
| Extended Dwelling Coverage-50% of Cov A Limit | $    232,150 | $     150.00 |
| Option G - Unscheduled Jewelry, Furs, Fine Arts | 25,000 | 206.00 |
| Foundation Water Damage | 25,000 | 156.00 |
| Water Seepage or Leakage Coverage - Texas | | 150.00 |

| CREDITS | PERCENTAGE | SAVINGS |
|---|---|---|
| Account Credit | 20% | $    -876.00 |
| Renewal Credit | 1% | -38.00 |
| Burglar Alarm Credit | 2% | -75.00 |

| DEDUCTIBLE(S) | PERCENTAGE | AMOUNT |
|---|---|---|
| Section I, except as noted below | N/A | $      500 |
| Windstorm or Hail Deductible | 1% | 4,643 |

| TOTAL ANNUAL PREMIUM | $    3,502.00 |
|---|---|

CONTINUED
Page 1 of 2

DATE PREPARED MAY  24 2016

ORIGINAL

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

## SAFECO INSURANCE COMPANY OF INDIANA
## QUALITY SELECT HOMEOWNERS POLICY DECLARATIONS

CONTINUED

**POLICY NUMBER:**   OY6953467

You may pay your premium in full or in installments. There is no installment fee for the following billing plans: Full Pay, Annual 2-Pay. Installment fees for all other billing plans are listed below. If more than one policy is billed on the installment bill, only the highest fee is charged. The fee is:
    $0.00 per installment for recurring automatic deduction (EFT)
    $5.00 per installment for recurring credit card or debit card
    $3.00 per installment for all other payment methods

| POLICY FORMS APPLICABLE TO THIS POLICY: |
| --- |

| | |
| --- | --- |
| CHO-6527/TXEP 9/05 | - EXTENDED DWELLING COVERAGE |
| CHO-6550/TXEP R1 12/10 | - WATER SEEPAGE OR LEAKAGE COVERAGE-TEXAS |
| CHO-6548/TXEP R1 2/15 | - AMENDATORY ENDORSEMENT - TEXAS |
| CHO-6203/TXEP 4/06 | - OPT G UNSCHED JEWELRY TX SELECT |
| CHO-6295/TXEP R1 10/08 | - SAFECO QUALTY SEL HOMEOWNERS POL |
| CHO-6529/TXEP 4/10 | - FULL VALUE PERSONAL PROPERTY |
| CHO-6536/TXEP 4/10 | - TX - FOUNDATION WATER DAMAGE |
| CHO-1232/TXEP 7/92 | - EXECUTION CLAUSE - TEXAS |

Exhibit "C"



Safeco Insurance Company of Indiana

Mailing Address:

Phone:   (214) 548-0675
Fax:      (888) 268-8840

A Liberty Mutual Company

May 9, 2017


Sanders, O'hanlon, Motley, Young & Gallardo
111 South Travis Street
Sherman, TX  75090


| | |
|---|---|
| Insured Name: | Darold Adami |
| Policy Number: | OY6953467 |
| Loss Date: | July 15, 2016 |
| Claim Number: | 231505146002 |


Dear Sanders, O'hanlon, Motley, Young & Gallardo:


Dear Mr. Sanders:

Safeco has received and reviewed your letter and demand. Safeco has completed a thorough investigation including, but not limited to, the hiring of an engineer to determine the exact cause of the damages to Mr. Adami's property. The result of this hiring was the determination that the damages caused by the leak were only those present in, and around the exterior perimeter of, Mr. Adami's master bedroom or the zone of influence.

Mr. Adami later provided estimates from foundation companies he hired to repair the entire foundation of his home, not just the areas within the zone of influence. These foundation companies were contacted and provided a verbal breakdown of the cost of repairing just the area of influence.

The applicable policy language, in this case the **Foundation Water Damage** endorsement, states the following:

For an additional premium we cover accidental escape of water or steam from a plumbing or heating system within or below the floor slab, footings or foundation including settling, cracking, bulging, shrinking or expansion of foundations, floor slabs or footings that support the dwelling when damage is caused directly by accidental escape or leakage of water from a plumbing system. This extension of coverage applies only to property described under **Coverage A — Dwelling.**

**1.** Subject to the limit of liability shown in the Policy Declarations for Foundation Water Damage, we will pay for:

...

**d.** the repair of the foundation and associated cosmetic damages

Page 2
Darold Adami
May 9, 2017

...

All other provisions of the policy shall apply

The remaining policy provisions that apply in the **Texas Quality Select Homeowner's Policy** are as follows:

**PROPERTY LOSSES WE DO NOT COVER**
We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of the cause of loss or any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

...

**4. Settling, Cracking, Shrinking, Bulging, or Expansion of Specific Property.** Settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys;

...

The preexisting damages in the home are widespread and a result of normal settling which #4 above excludes from coverage under this claim.

This policy language, along with the engineer's report and the original adjuster inspection, lead to the conclusion that the covered portion of damages to Mr. Adami's home are those in the zone of influence or Mr. Adami's master bedroom. These damages were estimated to be repaired and this estimate, along with payment, was presented timely to Mr. Adami. At this time your request for additional payment in the amount of $14,000 plus reasonable interest, attorney's fees, and costs is hereby denied.

If you, or Mr. Adami, has additional information you wish to provide for review or consideration please do so at a time of your choosing.

Sincerely,

*Jordan Wilson*

Jordan Wilson

Safeco Insurance Company of Indiana
(214) 548-0675 Fax: (888) 268-8840
jordan060s.wilson@safeco.com

# Exhibit "D"

# SANDERS. O'HANLON. MOTLEY YOUNG & GALLARDO

DAVID FIRM, GOLIATH IMPACT

| LAWYERS: | | LAWYERS: |
|---|---|---|
| ROGER D. SANDERS | 111 South Travis Street | ANTHONY O'HANLON, P.C.* |
| J. MICHAEL YOUNG | Sherman, Texas 75090 | LUKE MOTLEY, IV* |
| LAURA GALLARDO | Office: (903) 892-9133 | UPENDAR T. REDDY* |
| | Fax: (903) 892-4302 | |

www.somlaw.net

*Of Counsel

May 18, 2017

Mr. Jordan Wilson
Safeco Insurance
1600 N. Collins Blvd.
Richardson, TX 75080

Re.    Policy: OY6953467
       Claim: 231505146002
       Adami insurance claim to Safeco re. damages to home/foundation of house at
       1507 Crescent Drive, Sherman, Texas 75090

Dear Mr. Wilson:

On May 12 we received your letter dated May 9.  For context, I am attaching that letter and my responsive letter.  In my May 12 letter we asked for specific categories of documents to help better understand Safeco's denial.  We asked for documents, for example, that dealt with the engineer you all hired and on whom you relied to limit payments to a so called "zone of influence" or "area of influence."  We also asked for where those terms were defined.  You responded by saying "zone of influence" was a term essentially defined by the engineer. (You did not respond to requests for a definition of "area of influence.")  And you provided a) a copy of the engineer's report and b) Safeco's estimate of repairs.  Thanks, but Mr. Adami already had a copy.  The only new information provided were certain "Photos of the property in question taken during the initial inspection of the home." Thanks for those.

You otherwise left unanswered whether you have provided any documents related to my letter's paragraphs 1-5.  What we take from that limited response is that you all are withholding a substantial number of documents that you must know we can acquire if forced to file suit. Frankly, it looks like Safeco is forcing a customer to file a suit to get basic information you relied upon to deny his claim – a claim that his Safeco insurance agents have told you they believe is valid.

You also state that "At this time Safeco has provided all the documents we are obligated to share."  Please provide by return mail the basis for saying that your obligation to provide information is that limited, and who made that decision.  We await your response within 5 business days of this letter.

1

Thanks.

Sincerely,

Roger Sanders

# Exhibit "E"

**Darold Adami**

| | |
|---|---|
| **From:** | Darold Adami |
| **Sent:** | Friday, March 24, 2017 7:49 AM |
| **To:** | jordan060s.wilson@safeco.com |
| **Cc:** | 'Bob Blanton' |
| **Subject:** | engineer |

I have scheduled an engineer to come and review the requirements to repair the foundation according to what was prescribed by the foundation companies and in accordance with the policy provisions and Texas law. Having not heard from you to the contrary, work commences on March 27. The engineer will be here Sat. at 9 am if you wish to send someone knowledgeable and experienced in these matters to represent Safeco.

# Exhibit "F"

# SANDERS. O'HANLON. MOTLEY
# YOUNG & GALLARDO

*—— —— ——— DAVID FIRM, GOLIATH IMPACT ——— ——————*

**LAWYERS:**

ROGER D. SANDERS
J. MICHAEL YOUNG
LAURA GALLARDO

111 South Travis Street
Sherman, Texas 75090
Office: (903) 892-9133
Fax: (903) 892-4302

www.somlaw.net

**LAWYERS:**

ANTHONY O'HANLON, P.C.*
LUKE MOTLEY, IV*
UPENDAR T. REDDY*

*Of Counsel

May 12, 2017

Mr. Jordan Wilson
Safeco Insurance
1600 N. Collins Blvd.
Richardson, TX 75080

Re.    Policy: OY6953467
    Claim: 231505146002
    Adami insurance claim to Safeco re. damages to home/foundation of house at
    1507 Crescent Drive, Sherman, Texas 75090

Dear Mr. Wilson:

    We today received your letter dated May 9, 2017. While we disagree with Safeco's self-serving conclusions, to allow for a fair evaluation of Safeco's underlying factual representations, please provide the following items mentioned in your letter:

1.  Any writings related to, payments to, and reports from the engineer you all hired, referenced in paragraph 1 of your letter. (In that respect, please include documents reflecting the amount of business referred to or done by the engineer for Safeco or anyone affiliated with Safeco.)
2.  Any recordings, notes, or other records regarding contact made with the foundation companies, as referenced in paragraph 2 of your letter.
3.  Any definition, whether in the policy or outside, of the term "zone of influence" and separately for the terms "area of influence," as referenced in paragraph 2 of your letter.
4.  Any documents related to the "original adjuster inspection," as referenced in the second paragraph above the signature line on page 2 of your letter.
5.  Any document contained in or referenced by Safeco in the "completed [] thorough investigation" referenced in paragraph 1 of your letter.

    We look forward to receiving that file within 5 business days, by next Friday, May 19.

    If for any reason you believe a policy-holder is not entitled to see or understand the particulars of an investigation, as we have requested here, would you be so kind as to point out why, and also what it will take to get access to the documents, records, and the like which you say you have relied up and which support your conclusion of denying Mr. Adami's claim.

Also, if you claim there is anything else done to investigate the claim before you determined to deny relief beyond what has been given, will you include that information in your response.

Finally, if you believe we are required to file suit to receive access to those documents, please so state, and provide us the basis for your statement.

Thank you.

Sincerely,

Roger Sanders

Exhibit "G"

FILED
6/29/2017 6:03 PM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO. CV-17-0999 _____

| | | |
|---|---|---|
| **DAROLD ADAMI** | § | **IN THE DISTRICT COURT** |
| | § | Grayson County - 59th District Court |
| **V.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **SAFECO INSURANCE** | § | **GRAYSON COUNTY, TEXAS** |
| **SERVICES, LLC** | § | |

## ORIGINAL PETITION

Plaintiff, Darold Adami, files this Original Petition against and complaining of and about Safeco Insurance, Defendant, and alleges as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited actions process in Texas Rules of Civil Procedure 169.

### CLAIM FOR RELIEF

2.    Plaintiff seeks monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and appropriate injunctive relief against Defendant's failure to comply with Texas Insurance Code and Texas Deceptive Trade Practice Acts provisions.

### PARTIES AND SERVICE

3.    Plaintiff, Darold Adami, is an individual whose resides in Sherman, Grayson County, Texas.

4.    The last three numbers of Darold Adami's license number are 994. The last three numbers of Plaintiff's social security number are 899.

5.    Defendant Safeco Insurance Services, LLC purposefully avails itself to the State of Texas

and can be served through its registered agent Vince Bell at 16980 Dallas Parkway, Suite 210, Dallas, Texas 75248.  Service of Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and appropriate injunctive relief against Defendant's failure to comply with Texas Insurance Code and Texas Deceptive Trade Practice Acts provisions.

8.      This court has personal jurisdiction over this matter because all or a majority of the acts described below took place in Grayson County, Texas.

## FACTS

9.      Plaintiff's claims arise from damage to the foundation at his home at 1507 Crescent Drive, Sherman, Texas 75092.

10.     Plaintiff's home has been covered at all material times by an insurance policy issued, sold, and maintained by Defendant, Safeco.  Under that policy and applicable Texas statute and regulation, Defendant Safeco admitted without equivocation that Plaintiff's claim was covered under the policy.  Safeco, under that policy, has consistently been obligated to Plaintiff to abide by Texas law.  Pursuant to those protections, Plaintiff made and has been pursuing his claim with Safeco since November 15, 2016.

11.     Mr. Jordan Wilson, Safeco's authorized claim adjuster, has personally had notice of the claim since November 17, 2016.  Plaintiff has been working to try to get Safeco to reimburse him for expenses he would incur and now has incurred because his house foundation suffered

2

from the covered loss Safeco has admitted. The amount Safeco shorted Plaintiff is at least

$14,000[1] out of the $25,000 stated coverage under a foundation damage addendum.[2]

12.     Safeco is claiming that only a portion of Plaintiff's damages are covered.

13.     According to a May 9, 2017 letter from Safeco, see Exhibit "A", the only "damages

caused by the leak were only those present in, and around the exterior perimeter of, Mr. Adami's

master bedroom or the zone of influence."

14.     Interestingly the term "zone of influence" is not found or defined in the Safeco insurance

policy Mr. Adami has with Safeco. When asked to define "zone of influence" Safeco said it was

a term essentially defined by the engineer it had hired.

15.     Safeco has refused to provide Plaintiff with all the documents necessary to determine

Safeco's denial of Plaintiff's claims. Plaintiff has not been given the information, if any, relied

upon when calculating the "zone of influence".

16.     Despite months of requests for information, Plaintiff has no idea how this arbitrary "zone

of influence" was calculated. This "zone of influence" seems to be nothing more than an

arbitrary line that Safeco is relying upon to limit the coverage that it promised and owes to

Plaintiff.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

17.     Defendant breached its duty of good faith and fair dealing when it failed to pay Claim

Number 231505146002 in accordance with the terms of the insurance policy which are

reasonably clear.

---

[1] There may be more, given that Safeco has applied a deductible and other reductions reflected in the check tendered to Plaintiff.
[2] The Court may determine that other coverage exists; no waiver of that coverage is intended here by focusing on the policy addendum.

18.     Despite the fact that there was no basis whatsoever upon which a reasonable insurance company would have relied to deny payment of the full claim, Safeco did so. Specifically, Defendant did not use a non-arbitrary method, explained to Plaintiff, to determine where the zone of influence truly is. Instead Safeco sent an inexperienced claims adjuster to determine the zone of influence. This claims adjuster said he needed to consult a Nelson Forensics engineer, as the claims adjuster did not have the skill set necessary to determine such. This engineer inspected the property and prepared a report of covered damages sustained, which failed to include repairing of the foundation in the original report as being necessary to restore the property to its pre-loss condition. The foundation damage sustained and the required remediation to restore the property to its pre-loss condition are the most costly elements of the needed repairs.

19.     The basis for the denial of Plaintiff's claim is in bad faith. Safeco knew or should have known by the exercise of reasonable diligence, that its liability was reasonably clear.

20.     A bad faith claim arises in two instances: (1) when an insurer unreasonably denies an insured's claim; or (2) when an insurer is obligated to pay proceeds on an insured's claim and it is dilatory in paying. *Martinka v. Commonwealth Land Title Co.,* 836 S.W.2d 773, 776 (Tex.App.—Houston[1st] 1992, writ denied)

21.     Safeco breached its duty to deal fairly and in good faith with Plaintiff.

## TEXAS DECEPTIVE TRADE PRACTICES AND TEXAS INSURANCE CODE

22.     Paragraph's 3 through 21 are incorporated herein by reference.

23.     Plaintiff is a consumer under the DTPA because Plaintiff is an individual who acquired services, Safeco insurance coverage, by purchase.

24.     Defendant is a company that can be sued under the DTPA.

25.     Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that

4

Defendant failed to fairly consider, evaluate, and investigate the loss in question, short-changing Plaintiff in a way which is actionable under the Texas Deceptive Trade Practices - Consumer Protection Act.

26.     Plaintiff gave Defendant notice as required by Texas Business & Commerce Code, Section 17.505(a), and pursuant to Chapter 541 of the Texas Insurance Code, on April 28, 2017. Attached as Exhibit "B", is a copy of the notice letter sent to Defendant, which is incorporated by reference.

27.     Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs damages.

28.     Defendant engaged in false, misleading, or deceptive acts or practices when it denied the full coverage amount to Plaintiff, whose covered damages exceed the policy limits.

29.     Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiffs detriment.

30.     Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code Section 17.50(d).

31.     Additionally or in the alternative, Defendant violated the DTPA when Defendant used or employed an act or practice in violation of Texas Insurance Code Chapter 541. Specifically, Defendant made misrepresentations about the investigation that was done prior to the limiting of coverage for Plaintiff's claim.

32.     Defendant violated the DTPA tie-in statute, Texas Insurance Code §541.060(4)(A). Per the Texas Insurance Code § 541 it is an unlawful and deceptive act to engage in unfair settlement practices with respect to Plaintiff's claim. Safeco did just this, despite failing to explain how the

5

"zone of influence" was calculated, it relies on this to limit its payment for Plaintiff's claim.

Further, Defendant has failed to provide settlement required to restore the property to its pre-loss

condition.

33.     Pursuant to the Texas Insurance Code §§541.151-541.152, Plaintiff is entitled to actual

damages, court costs, and reasonable attorneys' fees. Additionally, pursuant to Section 38.001 of

the Texas Civil Practices and Remedies Code, Plaintiff is entitled to recover reasonable

attorneys' fees.

34.     All conditions precedent to the filing of this suit and recovery of additional damages and

attorney's fees.

## AGENCY

35.     At and during the time of the acts and/or omissions complained of herein, any acts and/or

omissions committed by an agent, representative or employee of Defendant, occurred within the

scope of the actual or apparent authority of such person on behalf of said Defendant.

36.     Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such

agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

37.     At and during the time of the acts and/or omissions complained of herein, said acts and/or

omissions of any employee of Defendant occurred within the scope of the general authority and

for the accomplishment of the objectives for which such employee was employed.

38.     Defendant is therefore liable to Plaintiff for the acts and/ or omissions of any such

employee complained of herein under the doctrine of respondeat superior.

## ECONOMIC AND ACTUAL DAMAGES

39.     Plaintiff sustained the following economic and actual damages as a result of the actions

6

and/or omissions of Defendant described hereinabove:

    (a) Out-of-pocket expenses, including but not limited to $14,000.

    (b) Cost of replacement.

    (c) Costs of repairs.

    (d) Remedial costs and/or costs of completion.

    (e) Reasonable and necessary engineering or consulting fees.

### ATTORNEY'S FEES

40.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or

on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to

the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as

provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of

the Texas Civil Practice and Remedies Code; and, (c) common law.

### REQUEST FOR DISCLOSURE

41.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to

disclose, within 50 days of service of this request, the information or material as set forth in Rule

194. The disclosures must be signed in accordance with Texas Rules of Civil Procedure,

Rule 191.3, and delivered to the undersigned attorney. If you fail to comply with the

requirements above, the Court may order sanctions against you in accordance with the Texas

Rules of Civil Procedure.

### JURY DEMAND

42.    Plaintiff Demands a jury trial and tenders the appropriate fee with this petition.

### CONDITIONS PRECEDENT

43.    All conditions precedent to Plaintiff's claim for relief have been performed or have

occurred.

## PRAYER

For these reasons, Plaintiff, Darold Adami, respectfully prays that the Defendant be cited

to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for

the Plaintiff against Defendant for the economic and actual damages, as requested hereinabove in

an amount in excess of the minimum jurisdictional limits of the Court, together with

prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees,

costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in

equity, whether pled or unpled.

Respectfully submitted,

_____/s/  Roger Sanders_____
Roger D. Sanders
State Bar No. 17604700
Roger.sanders@somlaw.net

**Sanders, O'Hanlon, Motley, Young & Gallardo**
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133 – Telephone
(903) 892-4302 – Fax

8

# Exhibit "A"

 **Insurance**™

A Liberty Mutual Company

Safeco Insurance Company of Indiana

Mailing Address:

Phone:  (214) 548-0675
Fax:     (888) 268-8840

May 9, 2017

Sanders, O'hanlon, Motley, Young & Gallardo
111 South Travis Street
Sherman, TX 75090

| | |
|---|---|
| Insured Name: | Darold Adami |
| Policy Number: | OY6953467 |
| Loss Date: | July 15, 2016 |
| Claim Number: | 231505146002 |

Dear Sanders, O'hanlon, Motley, Young & Gallardo:

Dear Mr. Sanders:

Safeco has received and reviewed your letter and demand. Safeco has completed a thorough investigation including, but not limited to, the hiring of an engineer to determine the exact cause of the damages to Mr. Adami's property. The result of this hiring was the determination that the damages caused by the leak were only those present in, and around the exterior perimeter of, Mr. Adami's master bedroom or the zone of influence.

Mr. Adami later provided estimates from foundation companies he hired to repair the entire foundation of his home, not just the areas within the zone of influence. These foundation companies were contacted and provided a verbal breakdown of the cost of repairing just the area of influence.

The applicable policy language, in this case the **Foundation Water Damage** endorsement, states the following:

For an additional premium we cover accidental escape of water or steam from a plumbing or heating system within or below the floor slab, footings or foundation including settling, cracking, bulging, shrinking or expansion of foundations, floor slabs or footings that support the dwelling when damage is caused directly by accidental escape or leakage of water from a plumbing system. This extension of coverage applies only to property described under **Coverage A — Dwelling.**

**1.** Subject to the limit of liability shown in the Policy Declarations for Foundation Water Damage, we will pay for:

…

**d.** the repair of the foundation and associated cosmetic damages

Page 2
Darold Adami
May 9, 2017

...

All other provisions of the policy shall apply

The remaining policy provisions that apply in the **Texas Quality Select Homeowner's Policy** are as follows:

**PROPERTY LOSSES WE DO NOT COVER**
We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of the cause of loss or any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

...

**4. Settling, Cracking, Shrinking, Bulging, or Expansion of Specific Property.** Settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas or chimneys;

...

The preexisting damages in the home are widespread and a result of normal settling which #4 above excludes from coverage under this claim.

This policy language, along with the engineer's report and the original adjuster inspection, lead to the conclusion that the covered portion of damages to Mr. Adami's home are those in the zone of influence or Mr. Adami's master bedroom. These damages were estimated to be repaired and this estimate, along with payment, was presented timely to Mr. Adami. At this time your request for additional payment in the amount of $14,000 plus reasonable interest, attorney's fees, and costs is hereby denied.

If you, or Mr. Adami, has additional information you wish to provide for review or consideration please do so at a time of your choosing.

Sincerely,

*Jordan Wilson*

Jordan Wilson

Safeco Insurance Company of Indiana
(214) 548-0675 Fax: (888) 268-8840
jordan060s.wilson@safeco.com

# Exhibit "B"

# SANDERS. O'HANLON. MOTLEY
# YOUNG & GALLARDO
DAVID FIRM, GOLIATH IMPACT

LAWYERS:

ROGER D. SANDERS
J. MICHAEL YOUNG
LAURA GALLARDO

111 South Travis Street
Sherman, Texas 75090
Office: (903) 892-9133
Fax: (903) 892-4302

www.somlaw.net

LAWYERS:

ANTHONY O'HANLON, P.C.*
LUKE MOTLEY, IV*
UPENDAR T. REDDY*

*Of Counsel

April 28, 2017

Mr. Jordan Wilson
Safeco Insurance
1600 N. Collins Blvd.
Richardson, TX 75080

      Re.    Policy: OY6953467
              Claim: 231505146002
              Adami insurance claim to Safeco re. damages to home/foundation of house at
              1507 Crescent Drive, Sherman, Texas 75090

Dear Mr. Breor:

     I am writing on behalf of your insured, Darold Adami. This letter is sent to provide the required notice under Chapter 541 of the Texas Insurance code and to provide Safeco an opportunity to resolve the claim prior to Mr. Adami filing suit.

     As you are aware, for many, many weeks Darold has been working to try to get Safeco to reimburse him for expenses he would incur and now has incurred because his house foundation suffered from a covered loss. The amount you all have evidently shorted him is at least $14,000[1] out of the $25,000 stated coverage under a foundation damage addendum.[2]

     He has been pursuing that with your company since November 15, 2016. You personally have evidently had notice of the claim since November 17, 2016. As you are aware, the claim involves damage to the foundation at his home at 1507 Crescent Drive, Sherman, Texas 75092. The foundation was damaged as reflected in the attached enclosures. Of course, if you all can't readily find your file on it, we can provide more information. But Darold lays it out pretty well in the enclosures.

     So, since you all have forced Darold to get a lawyer involved in the more formal recovery process, we demand for Darold $14,000, plus reasonable interest, attorney's fees, and costs allowable under the Safeco policy and/or under the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Attorney's fees are in the amount of approximately $5,000, based on

---

[1] There may be more, given that Safeco has applied a deductible and other reductions reflected in the check tendered to Darold. For ease of discussion here, and to give you all inducement to pay, we are reflecting that it is a lesser amount than what may be shown at trial.

[2] The Court may determine that other coverage exists; no waiver of that coverage is intended here by focusing on the policy addendum.

rates reasonably allowed in federal and state court in Grayson County and the North Texas area. The demand is for $5,000 in attorney's fees and expenses, and commercial interest on the amounts that should have been paid, but have not.

In addition, we seek on Darold's behalf at least the sum of $10,000 for mental anguish unnecessarily and callously caused by Safeco.[3] As Safeco has been informed, Darold is a 77-year old widower, having lost his wife recently to a long, difficult fight with cancer. He and his wife Patti had a long and strong marriage, and shared that bedroom which is the object of ya'll's coverage since 1973. Full knowing these things, you have forced him time and again to visit and revisit your bogus assessment of restricted damage about the bedroom, your nitpicking calculations, your partial and inaccurate assessments, and your tight-fisted, but baseless rejections about the bedroom area which is perhaps the most touching and painful area of the house to Darold. You might as well have been trampling on Patti's picture instead of degrading this private part of the house. May you never have to endure someone or some company that gives as little personal consideration as you all do and did, here.

I've known Darold and Patti Adami for more than 30 years. Two finer human beings have not walked this earth. That you all callously have forced Darold to fight you as you have, forcing him repeatedly to fight over restoration of his private, personal space, is just mind-boggling, thoughtless, clearly deliberate, and evidently malicious.

The demand is made, as stated, for a total of $29,000, plus interest and attorney's fees and expenses, a sum which Darold which reflects a minimum of what will be sought in Court, subject to appropriate proof.

However, I will waive my attorney's fees and will encourage my client to accept $14,000 for full resolution **if received in this office by 5:00 PM next Friday, May 5th**. The decision is yours on whether to keep stiffing my client and save the cost of litigation, or set up another case of an insurance company treating a policy holder badly because the company thinks there is too little at risk for a policy holder to fight it or for a lawyer to take the case to bring the policy holder justice.

Sincerely,

Roger Sanders

Enclosures

    a. Email from Safeco agent
    b. Letter to Safeco from Darold Adami

---

[3] The calculation of mental anguish damages is necessarily a matter entrusted to the sound discretion of the jury. We reserve the right to seek damages in keeping with the developed evidence.

**CERTIFIED MAIL**

7015 3430 0000 2301 2379

$8.97
US POSTAGE
FIRST-CLASS
062S0008545945
75090

**SANDERS, O'HANLON & MOTLEY P.L.L.C.**
Lawyers
111 S. Travis St.
Sherman, Texas 75090

TO: Safeco Ins. Co. of Indiana
% Corporation Service Company
211 East 7th St, Suite 620
Austin, TX 78701 - 3218