# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAROLD ADAMI | § | |
| | § | |
| v. | § | CASE NO. 4:17-CV-574 |
| | § | Judge Mazzant |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Safeco Insurance Company of Indiana's ("Safeco") Motion to Compel Appraisal and for Abatement (Dkt. #18) and Defendant's Motion to Strike Darold Adami's Surreply to Safeco's Motion to Compel Appraisal and to Abate Pending Appraisal (Dkt. #29). Having reviewed the motions and relevant pleadings, the Court finds that Defendant's motion to compel should be granted and Defendant's motion to strike should be denied.

## BACKGROUND

In September 2016, Plaintiff Darold Adami ("Adami") noticed standing water next to the back right or northeast corner of his house (the "Property"). Adami discovered that there was a hairline crack in the Property's pool and had it fixed. After fixing the crack, Adami discovered that it did not cause the standing water and contacted a landscaping company who discovered a leak or a burst in the Property's underground sprinkler system. Adami hired someone to fix this leak. On November 15, 2016, Adami contacted Safeco to inform Safeco of the leak and the damage that arose from the leak, including a heaved foundation. The property was covered by an insurance policy issued, sold, and maintained by Safeco (the "Policy"). Two days later, an adjuster was assigned to the claim. On December 15, 2016, Safeco sent an engineer from Nelson Engineering to the Property to evaluate the damage and draft a report concerning the coverage of

the damage. The engineer completed the report and delivered it to Safeco on January 3, 2017. Safeco reviewed it and provided the report to Adami on January 9, 2017. Adami noticed that the report did not include an estimate for foundation repair. In turn, Safeco fixed created supplemental estimate on March 7, 2017 that included foundational repairs. Adami believed the estimate was still low and requested a larger amount, which Safeco denied on May 9, 2017.

Based on these general facts, Adami sued Safeco on June 29, 2017 in the 59th Judicial District Court of Grayson County, Texas for breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practice Act and Texas Insurance Code. On August 18, 2017, Safeco removed the case to the Eastern District of Texas. After the Court signed its Order and Advisory (Dkt. #6), Adami filed his Second Amended Complaint on September 20, 2017 (Dkt. #9). Safeco answered the Second Amended Complaint on October 10, 2017 (Dkt. #13). Adami filed his Third Amended Complaint on January 9, 2018 (Dkt. #34).

The relevant portion of the Policy states:

**Section I – Property Conditions**

…

**8.** **Appraisal.** If you and we do not agree on the amount of the loss, including the amount of ***actual cash value*** or ***replacement cost***, then, on written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the ***actual cash value*** or ***replacement cost*** of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of the loss.

Each party will:

a. pay its own appraiser; and
b. bear the other expenses of the appraisal and umpire equally.

9. **Suit Against Us.** No suit or action can be brought against us unless there has been compliance with the policy provisions and the action is started within two years and one day after the cause of action accrues.

(Dkt. #18, Exhibit A at pp. 35–36). On October 20, 2017, Safeco sent a letter to Adami's counsel invoking the Policy's appraisal clause. Adami refused to engage in the appraisal process. Accordingly, on November 13, 2017, Safeco filed the present motion to compel (Dkt. #18). Adami responded to the motion on November 27, 2017 (Dkt. #22). Safeco filed a reply on December 4, 2017 (Dkt. #24) and Adami filed a sur-reply on December 11, 2017 (Dkt. #27). Further, Safeco filed the present motion to strike Adami's sur-reply on December 12, 2017 (Dkt. #29) and Adami filed a response to the motion to strike on December 26, 2017 (Dkt. #32).

## LEGAL STANDARD

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 405 (Tex. 2011). "These clauses are generally enforceable, absent illegality or waiver." *Id*. at 407; *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.,* 730 F.3d 466, 471 (5th Cir. 2013). Once invoked, courts are discouraged from interfering with the appraisal process. *See State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 895 (Tex. 2009). A valid appraisal does not "divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way." *Id*. at 889.

## ANALYSIS

Safeco moves the Court to compel appraisal and to abate the case pending the outcome of the appraisal. Adami maintains that the Court should not compel appraisal, and even if it

3

determines appraisal is necessary, the Court should not abate the proceedings. The Court will address each issue and then will discuss Safeco's motion to strike Adami's sur-reply.

   I.   **Motion to Compel Appraisal**

Adami does not contest that the Policy contains the appraisal clause, but Adami does assert that Safeco may not invoke its right to seek appraisal because (A) it has not engaged in a good faith investigation and (B) it has waived its ability to seek an appraisal. The Court will address each argument in turn.

   **A. Good Faith Investigation**

Adami maintains that, under the terms of the contract, there must be a disagreement as to the amount of loss as a condition precedent to invoke the appraisal process. Adami continues to explain that a disagreement must be a good faith disagreement. Adami contends that because Safeco did not engage in a good faith investigation of the claim there is not a good faith disagreement. Accordingly, Adami asserts that the condition precedent is not met and Safeco cannot invoke its right to appraisal. Safeco, without conceding that it did not engage in a good faith investigation, argues that there is no requirement that Safeco engage in a good faith investigation of the claim in order to assert its right for appraisal.

This case is similar to *Dike v. Valley Forge Insurance Company*. In that case, the plaintiff argued that the defendant could not demand an appraisal because it did not act appropriately under the "Claims Handling" section of the insurance policy and did not comply with the Texas Insurance Code. *Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 781–89 (S.D. Tex. 2011). The court held that when looking to the plain language of the policy, the "Claims Handling" section and the Texas Insurance Code were not conditions precedent to the appraisal process. *Id.* (interpreting an appraisal provision similar to the appraisal provision in the Policy). Adami argues that Safeco

engaged in "bleak, pervasive inferior claims-handling" in this case, and thus *Dike*, and every other case Safeco cited, is inapposite. (Dkt. #27 at p. 2). However, when looking to the holding of *Dike*, the degree or severity of the alleged wrongdoing was not the deciding factor, or even a factor at all in the consideration. The plain language of the contract was the determining factor.

As such, the Court must determine whether a good faith investigation and a good faith disagreement are conditions precedent to the appraisal section of the Policy. The Court must apply the terms of the insurance contract as it is written. *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010) ("Texas courts interpret insurance policies according to the rules of contractual construction. Texas courts give contractual terms 'their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense.' Unambiguous contracts are enforced as written." (quoting *Heritage Res., Inc. v. NationsBank,* 939 S.W.2d 118, 121 (Tex. 1996))).

> "In order to determine whether a condition precedent exists, the intention of the parties must be ascertained; and that can be done only by looking at the entire contract." "In order to make performance specifically conditional, a term such as 'if', 'provided that', 'on condition that', or some similar phrase of conditional language must normally be included." "While there is no requirement that such phrases be utilized, their absence is probative of the parties['] intention that a promise be made, rather than a condition imposed."

*Dike*, 797 F. Supp. 2d at 783 (quoting *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 109 (Tex. 2010)).

Here, the Policy states "[i]f you and we do not agree on the amount of the loss . . . then, on written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand." (Dkt. #18, Exhibit A at p. 35). The appraisal clause is clear and unambiguous and grants both the insured and the insurer the right to demand an appraisal of the loss. *See James v. Prop. & Cas. Ins. Co. of Hartford*,

5

No. CIV.A. H-10-1998, 2011 WL 4067880, at *1 (S.D. Tex. Sept. 12, 2011) (interpreting an appraisal clause similar to the appraisal clause in the Policy). "The appraisal clause does not use conditional language and [Adami] has not identified any provision in the contract showing that the parties intended" for the parties to reach a good faith disagreement based on a good faith investigation before seeking appraisal. *Dike*, 797 F. Supp. 2d at 783 (citing *Butler v. Prop. & Cas. Ins. Co.*, Civ. A. No. H-10-3613, 2011 WL 2174965, at *1 (S.D. Tex. June 3, 2011)). Accordingly, a good faith investigation and good faith disagreement is not a condition precedent to the appraisal provision. The only condition precedent is that "[Adami] and [Safeco] do not agree on the amount of the loss." (Dkt. #18, Exhibit A at p. 12). Safeco presented evidence to sufficiently demonstrate that the parties disagreed on the amount before seeking appraisal by providing the May 9, 2017 letter rejecting Adami's demand (Dkt. #18, Exhibit D).

Further, Adami cites *Garcia v. Lloyds* and *Viles v. Security National Insurance Company* to support his contention that a good faith disagreement is required before invoking the right to an appraisal, but the cases fall short of providing such support. *Garcia* discusses the fact that a disagreement is a condition precedent to the appraisal process, and as such, evidence of a discrepancy before the appraisal process is an immaterial fact issue when analyzing breach of contract claims on a motion for summary judgment. *Garcia v. Lloyds*, 514 S.W.3d 257, 273 (Tex. App.—San Antonio 2016, pet. denied) (citing *Gabriel v. Allstate Tex. Lloyds*, No. 7:13-CV-181, 2013 WL 7885700, at *3 (S.D. Tex. Nov. 1, 2013); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2004, pet. denied)). This issue has no bearing on the issue before the Court today.

Further, *Viles* does not address whether the Court should compel an appraisal, but instead contemplates a claim for a breach of the duty of good faith and fair dealing. *Viles v. Sec. Nat'l*

*Ins. Co.*, 788 S.W.2d 566, 566 (Tex. 1990). The Court's holding today does not interfere with the requirement that insurers "deal fairly and in good faith with their insureds." *Id.* at 567 (citing *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987)). It merely recognizes the long standing duty of courts to not interfere with the appraisal process and to enforce unambiguous policies as written. *See Johnson,* 290 S.W.3d at 895; *RSR Corp.*, 612 F.3d at 858. Adami has not provided the Court with any case that requires a good faith investigation before initiating the appraisal process. Therefore, the Court finds that a good faith investigation is not a condition precedent to invoking the appraisal process under the policy.

### B. Waiver

Adami further argues that Safeco waived its ability to demand appraisal because (1) it deliberately overreached in the claim denial "by citing coverage, and confusing the issue of how loss could be appraised" and (2) Safeco delayed for more than nine months before asking for an appraisal (Dkt. #27 at p. 3). Safeco maintains that they did not waive their right to engage in the appraisal process and that even if the Court finds waiver, there is no prejudice.

Appraisal clauses "are generally enforceable, absent illegality or waiver." *In re Universal Underwriters,* 345 S.W.3d at 407; *TMM Invs.,* 730 F.3d at 471. "Waiver is an affirmative defense, and the party alleging waiver has the burden of proof." *Dike*, 797 F. Supp. 2d at 784 (citing *JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 748 (5th Cir. 2009) (per curiam)). To establish waiver, "'the acts relied on must be such as are reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed.'" *In re Universal Underwriters,* 345 S.W.3d at 407 (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888)). The Texas Supreme Court further clarified that "'waiver requires intent, either the intentional relinquishment of a

known right or intentional conduct inconsistent with claiming that right.'" *Id.* (alterations omitted) (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).

### 1. Intentional Conduct Inconsistent with Appraisal

Adami argues that Safeco acted in such a way that was inconsistent with the right to seek an appraisal because Safeco's denial letter was a mixture of a disagreement on both loss and coverage. Adami asserts that this confusion is inconsistent with the ability to conduct the appraisal process. Adami supported his argument by citing *In re Universal Underwriters of Texas Insurance Company*. However, the Supreme Court of Texas's opinion focuses on determining the reasonableness of delay rather than doing an in-depth analysis of an insurer taking an intentional action that is inconsistent with the right to seek appraisal. *See generally In re Universal Underwriters,* 345 S.W.3d at 404–412. In that case, the court did generally identify the law for waiver and cite cases that contemplated the conduct required for intentional conduct inconsistent with the right to seek appraisal. *Id.* at 407 (citing *Scottish Union*, 8 S.W. at 632; *In re Gen. Elec.*, 203 S.W.3d at 316; *Int'l Serv. Ins. Co. v. Brodie*, 337 S.W.2d 414, 416 (Tex. Civ. App.—Eastland 1926, no writ)).

A review of these cases reason that Safeco's conduct would result in waiver if Safeco "denied its liability or refused to pay whatever amount of loss and damage might be determined in the manner required by the policy to be due to [Adami]." *Scottish Union*, 8 S.W. at 632. The letter Safeco provided does not indicate that it will refuse to pay the amount that the appraisal process determines is due (Dkt. #18, Exhibit D). It further does not deny liability (Dkt. #18, Exhibit D). The denial letter merely states the reasons for the denial of Safeco's amount of loss that Adami claimed and cites to the relevant coverage provisions (Dkt. #18, Exhibit D). Adami has the burden

of proof on the issue of waiver and failed to present any case law to suggest that Safeco's conduct would constitute waiver in the current case.

   2. **Delay**

Adami additionally argues that Safeco delayed more than nine months before asking for an appraisal and that he suffered prejudice as a result of that delay. Safeco asserts that it requested appraisal at an appropriate time, asking only ten days after filing its answer to Adami's amended complaint in the current case. Further, Safeco argues that there is no prejudice in this case because the Policy gives both sides the same opportunity to demand an appraisal.

"Appraisal is intended to take place before suit is filed." *Johnson,* 290 S.W.3d at 894. Appraisal is favored because "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings." *Amtrust Ins. Co. of Kan. v. Starship League City, L.P.*, No. 4:11- CV-00672, 2012 WL 2996489, at *4 (E.D. Tex. June 4, 2012), *report and recommendation adopted*, No. 4:11-CV-00672, 2012 WL 2997404 (E.D. Tex. July 23, 2012) (quoting *Johnson,* 290 S.W.3d at 894) (internal quotation omitted). Many of the benefits of appraisal are lost if a party is allowed to delay invoking the appraisal. "While an appraisal may be invoked after suit is filed, one may do so only if the failure to invoke the appraisal clause earlier has not amounted to waiver." *Cmty. Bank v. Bancinsure, Inc.*, No. CIVA2:09-CV-125-TJW, 2010 WL 1068193, at *3 (E.D. Tex. Mar. 22, 2010) (citing *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 565 F.3d 284, 288 (5th Cir. 2009)).

"Once the parties have reached an impasse—that is, a mutual understanding that neither will negotiate further—appraisal must be invoked within a reasonable time." *In re Universal Underwriters,* 345 S.W.3d at 410. An impasse is reached when it becomes apparent to both sides that they disagree as to the damages and any further attempts to negotiate a settlement is futile.

*Id.* at 408–09. An impasse can exist despite the fact that the parties are engaged in continuing efforts to resolve their dispute, including mediation. *See Jai Bhole, Inc. v. Emp'rs Fire Ins. Co.*, No. CIV.A. G–10–522, 2014 WL 50165, at *2 (S.D. Tex. Jan. 7, 2014). Further, if either party delays in requesting an appraisal after reaching impasse, the delay on its own is not enough, a party must also show that it has been prejudiced. *In re Universal Underwriters*, 345 S.W.3d at 411 (citations omitted).

The parties reached an impasse in this case. Safeco wrote its initial payment on January 9, 2017; however, Adami requested that Safeco pay for foundation repairs. On March 7, 2017, Safeco wrote a revised estimate, which included cost for foundation repairs. Subsequently, on April 28, 2017, Adami sent a demand letter to Safeco alleging that Safeco owed him more money than Safeco provided. Safeco responded to this letter on May 9, 2017, informing Adami that it disagreed with his demand. As such, this is the earliest date from which the parties reached an impasse. Safeco first requested an appraisal on October 20, 2017, about five months after the parties reached an impasse. Since the Policy does not include a time frame in which a party must request an appraisal, Safeco needed to make the request for appraisal within a reasonable time from the moment of impasse. *In re Universal Underwriters,* 345 S.W.3d at 410. Adami has not presented the Court with any authority to suggest that a five-month delay is unreasonable, absent other conduct that would result in waiver, and the Court found none. As such, a five-month delay is not per se unreasonable and is not unreasonable in this case.

**II.     Motion to Abate Proceedings Pending Appraisal**

Adami argues that the appraisal does not have an impact on all of Adami's claims; therefore, abatement is not required and discovery should continue. Adami is correct that abating the extra-contractual claims in these circumstances is not required, but it is within the Court's

discretion to do so. *In re Caliber One Indem. Co.*, 153 S.W.3d 587, 590 (Tex. App.—Amarillo 2004, no pet.) (finding that the trial court did not abuse its discretion in refusing to abate a case in which all of the claims were extra-contractual); *In re Terra Nova Ins. Co.*, 992 S.W.2d 741 (Tex. App.—Texarkana 1999, no pet.) (denying mandamus because the trial court had discretion to decide when the appraisal should take place in a suit asserting both contract claims and extra-contractual claims).

The Court agrees that the extra-contractual claims are independent of the breach of contract claim. However, the determination of whether there was a breach of contract has bearing on the validity of the extra-contractual claims. For example, the court in *Liberty National Fire Insurance Company v. Akin* stated that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." 927 S.W.2d 627, 629 (Tex. 1996); *accord Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 369 (5th Cir. 2012) (finding that when the insurer did not dispute the issue of coverage and the appraisal process ended with an award to the insured, which was promptly paid and accepted, the insured failed to establish an issue of material fact regarding their bad faith claims against insurer); *Gabriel*, 2013 WL 7885700, at *4 (finding that the holding in *Blum's* applied, and that the insurer's prompt payment of the appraisal award, and the failure of the insurer to pay the appraisal-determined amount of loss during the initial adjustment of the claim did not amount to a violation of the prompt-payment requirements of Chapter 542).

Additionally, the majority of Texas courts have held that when a plaintiff asserts extra-contractual claims in addition to a claim for breach of contract, it is in the best interest of justice that the entire case be abated pending appraisal. *See, e.g.*, *James*, 2011 WL 4067880, at *2 ("Plaintiff asserts that only her contract claims should be abated, not the entire suit…. [However,

a]batement of the entire case pending appraisal is . . . appropriate and in the interest of the efficient and inexpensive administration of justice"); *Butler*, 2011 WL 2174965, at *2 n.10 ("Abatement of *the entire case* pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice" (emphasis added)); *Bakhtiari v. Am. Bankers Ins. Co. of Fla.*, No. CIV.A. H-10-3866, 2011 WL 1542830, at *3 (S.D. Tex. Apr. 22, 2011) (finding that there was enough time to allow the parties to focus on appraisal without the expense of other discovery, thus, the court exercised its discretion to abate the entire case which consisted of claims for breach of contract, bad faith, and violation of the Texas Insurance Code); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet.) (finding insurer was "clearly entitled to have the appraisal procedure followed and the underlying suit [for breach of contract, mental suffering and distress, violation of the Deceptive Trade Practices Act and exemplary damages] abated until the completion of that procedure.").

Further, under Texas law, 'Suit Against Us' clauses, also known as 'No Action' clauses, are valid conditions precedent to liability under insurance policies." *Harville v. Twin City Fire Ins. Co.*, 885 F.2d 276, 279 (5th Cir. 1989) (citing *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)). "In the case of an insurer trying to enforce a condition precedent . . . a proper remedy is abatement—or a stay of the proceedings—rather than barring the claim." *U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, No. EP-08-CV-347-DB, 2008 WL 5351847, at *2 (W.D. Tex. Nov. 6, 2008) (citing *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).

Here, the Policy contains the following language, "**9. Suit Against Us.** No suit or action can be brought against us unless there has been compliance with the policy provisions and the action is started within two years and one day after the cause of action accrues." (Dkt. #18, Exhibit

A at p. 36). Several courts have construed "nearly identical 'Appraisal' and 'Suit Against Us' clauses together to be 'clear and unambiguous' in entitling the insurer 'to have the appraisal procedure followed and the underlying suit abated until the completion of that procedure.'" *Butler*, 2011 WL 2174965, at *2 (citing *Vanguard Underwriters*, 999 S.W.2d at 450–51); *see also James*, 2011 WL 4067880, at *1.

However, the Court notes that the parties are scheduled to complete mediation by February 15, 2018. As such, in the Court's discretion, the Court finds that the proceedings, except for mediation, should be abated until the completion of the appraisal process.

### III. Motion to Strike

Finally, Safeco moves to strike Adami's sur-reply because it contends that Adami did not respond to the issues raised in the reply and included entirely new allegations. Without discussing the merits of Safeco's argument, the Court finds that the motion should be denied because the Court finds that the motion to compel the appraisal should be granted.

### CONCLUSION

It is therefore **ORDERED** that Defendant Safeco Insurance Company of Indiana's Motion to Compel Appraisal and for Abatement (Dkt. #18) is hereby **GRANTED** and the case, except for the mediation conference, is **ABATED** pending the outcome of the appraisal process. The parties should notify the Court upon completion of the appraisal process.

It is further **ORDERED** that Defendant's Motion to Strike Adami's Surreply to Safeco's Motion to Compel Appraisal and to abate Pending Appraisal (Dkt. #29) is hereby **DENIED**.
 **SIGNED this 22nd day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE